CHARLES SEAL *v.* JAMES A. RAGLAND, &c.

Pleadings—Exhibits—Former Judgment—Failure To Impeach Genuineness—
Burden of Proof.

The answer fails to impeach the genuineness of the judgment exhibited with the amended petition, which declares the deed to appellant void and vacates and sets it aside. The facts thus appearing by the exhibit being uncontroverted, the burden was not on the plaintiff to produce other evidence of the facts the judgment purports to prove.

APPEAL FROM BATH CIRCUIT COURT.

April 8, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

The facts alleged in the petition and amended petition were sufficient to entitle the plaintiffs to the judgment which was rendered, unless the answer of Charles Seal presented a valid defense and was such as to devolve on the plaintiffs the burden of proof. And in our opinion, the answer was not sufficient for that purpose. It is true, releasing his own claim on the deed of Ewing, and others which constituted his only ground for interposing to litigate the plaintiff's claim, or the remedy sought, he denied that the attached lot belonged to John Seal, or was in his possession, or that the deed to himself was fraudulent and was or had been set aside; but he failed to controvert the fact that the judgment of February 6, 1869, exhibited with the amended petition, was rendered, as it purports to have been in the suits of Wells and Nesbitt against Seal, &c. and which expressly declares the deed to the appellant void and vacates and sets it aside. The fact thus appearing by the exhibits being virtually uncontroverted and the answer failing to allege any facts in avoidance of the judgment, or to impeach its genuineness or validity, it was not sufficient to impose on the plaintiffs the burden of producing other evidence of the facts the judgment exhibited purports to prove, nor to constitute a bar to the action.

Wherefore the judgment is affirmed.

*Nesbitt & Gudgell for appellant.*

*Stone, Lacy, for appellee.*